UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND,<br>Plaintiffs,<br><br>vs.<br><br>ACCURATE ENGINEERED CONCRETE, INC. and FRANK J. FRANZONE, Inc.<br>Defendants. | C.A. No. |

## COMPLAINT FOR UNPAID FRINGE BENEFIT CONTRIBUTIONS

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## **PARTIES**

3. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant Accurate Engineered Concrete, Inc. ("Accurate") is a Massachusetts corporation with a principal place of business at 36 Newark Street, Haverhill, MA 01832. Its registered agent for service is Frank J. Franzone at 34 Newark Street, Haverhill, MA 01832. Accurate is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10. Defendant Frank J. Franzone, Inc. ("Franzone") is a Massachusetts corporation with a principal place of business at 34 Newark Street, Haverhill, MA 01832. Its registered agent for service is Frank J. Franzone at the same address. Franzone is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## **GENERAL ALLEGATIONS OF FACT**

11. On or about April 8, 1992, Accurate agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor

agreements. A copy of Accurate's signed agreement ("Standard Short Form Agreement") is attached hereto as Exhibit A.

12. Because of the Standard Short Form Agreement, Accurate is a party to the collective bargaining agreement with the International Union of Operating Engineers Local 4 ("the CBA"). A copy of the most-recent CBA, for the period of June 1, 2014 through May 31, 2018, is attached hereto as Exhibit B.

13. The CBA requires Accurate to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA on all jobs – whether such job is labeled as a "Union" job or a "non-Union job" – and to pay interest on late payments at the rate of one (1%) percent per month.

14. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC").

15. Franzone is not signatory to an agreement with the International Union of Operating Engineers Local 4.

16. For all relevant years, Frank J. Franzone served as the president, treasurer, and secretary of both Accurate and Franzone. The Defendants are located next door to each other within the same structure and, upon information and belief, share storage space for equipment and vehicles.

17. The Defendants each describe the business of their corporations as concrete contracting. Copies of Accurate's and Franzone's Annual Reports for 2016 are attached hereto as Exhibits C and D, respectively.

18. Franzone does not appear to have its own website. The website for Accurate, under the section "About Us," makes reference to "the companies of Frank J. Franzone, Inc." A printout from the website http://www.accurateengineeredconcrete.com, accessed on December 7, 2017, is attached hereto as Exhibit E.

19. Upon information and belief, since at least January 1, 2009, Accurate has been employing its covered operators on Franzone jobs and failing to pay fringe benefit contributions, and failing to withhold and remit Union dues, for payroll hours on those Franzone jobs. Alternatively, Accurate does pay contributions, and withhold and remit Union dues, for payroll hours for its covered operators for work performed on Accurate jobs.

20. Through December 2008, Accurate generally remitted contributions of at least 160 hours per four-week month, and 200 hours per five-week month, for its covered operators. Beginning January 2009, and continuing to date, Accurate has contributed much lower, and very sporadic, contributions for its operators, failing to remit any contributions at all in some months.

21. The rate of contributions for Accurate has lowered so dramatically that since 2008, none of its covered operators has earned the 500 hours needed in a calendar year to qualify for the lowest level of health insurance provided by the Local 4 Health and Welfare Fund.

22. Accurate has communicated with the Funds in a manner that appears to draw a distinction between its so-called "Union" work and non-Union work. One such example, an email from an Accurate agent to Funds' counsel dated April 11, 2017, is attached hereto as Exhibit F.

23. Upon information and belief, by failing to pay contributions for payroll hours for its covered employees working for Franzone, Defendants intended to evade their obligations under the CBA and have evidenced an anti-Union animus in the conduct of their business.

24. The employees of the Defendants who perform work covered under the CBA would form a single appropriate bargaining unit. Defendants conducted their business as a single employer.

25. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

26. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-25 supra.

27. Accurate and Franzone have served as alter egos and/or as a single employer during all relevant periods and, as such, are jointly and severally liable for the outstanding amounts. The failure of the Defendants to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

28. Absent an order from this Court, the Defendants will continue to refuse to pay the monies they owe to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

29. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-28 supra.

30. The failure of the Defendants to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

31.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-30 supra.

32.     The failure of the Defendants to remit the dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.      Order the attachment of the machinery, inventory, and accounts receivable of the Defendants;

b.      Order the attachment of real estate standing in the name of the Defendants;

c.      Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to make contributions or pay interest to Plaintiff Funds;

d.      Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to remit dues and SAC contributions;

e.      Enter judgment in favor of the Plaintiff Funds in an as-yet unliquidated amount, representing all contributions owed for payroll hours for work performed by covered employees – regardless such payroll hours were paid by Accurate or Franzone – together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action; and

f.      Such further and other relief as this Court deems appropriate.

Respectfully submitted,

GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

By their attorney,

/s/Gregory A. Geiman
Gregory A. Geiman, Esq.
BBO #655207
I.U.O.E. Local 4 Trust Funds
16 Trotter Drive
Medway, MA  02053
(508) 533-1400 x140
ggeiman@local4funds.org

Dated:  December 7, 2017